**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4500**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH KENNEDY SHANNON, a/k/a James Smith, a/k/a Kevin Sanders,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:13-cr-00977-DCN-8)

Submitted:  May 29, 2018                                    Decided:  June 6, 2018

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant.  Beth Drake, United States Attorney, Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kenneth Kennedy Shannon of conspiracy to possess with intent to distribute and distribution of one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and four counts of using a communication facility, i.e., a telephone, to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b), (d)(1) (2012). The district court sentenced Shannon to a total term of life imprisonment. Shannon raises several issues on appeal. We affirm.

Shannon first argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for verdict of acquittal as to the conspiracy charge because insufficient trial evidence supported the finding that he distributed one kilogram or more of heroin. We review a district court's denial of a motion for verdict of acquittal de novo. *United States v. Said*, 798 F.3d 182, 193 (4th Cir. 2015). Where, as here, the motion challenges the sufficiency of evidence, we "view the evidence in the light most favorable to the government and sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Id.* at 193-94 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* at 194 (alteration and internal quotation marks omitted). After a review of the record, we conclude that the Government

2

presented evidence sufficient to allow a rational trier of fact to find that Shannon distributed more than one kilogram of heroin during the course of the conspiracy.

Shannon next argues that the district court erred in failing to immediately hold an in camera hearing on Shannon's claim of ineffective assistance of counsel. This claim is without merit. "While the Sixth Amendment includes the right to counsel of one's own choosing, this right is not absolute and must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *United States v. Hackley*, 662 F.3d 671, 684-85 (4th Cir. 2011) (internal quotation marks omitted). The court's decision to hold an in camera hearing over the upcoming lunch break rather than to disrupt the ongoing trial proceedings was within its inherent authority.

Shannon also contends that the district court erred in failing to grant a mistrial after Shannon's outburst in front of the jury. "We review a district court's denial of a motion for a mistrial and for a new trial for abuse of discretion." *See United States v. Saint Louis*, 889 F.3d 145, 155 (4th Cir. 2018). "An abuse of discretion exists if the defendant can show prejudice; no prejudice exists, however, if the jury could make individual guilt determinations by following the court's cautionary instructions. When cautionary instructions are given, we presume that juries follow such instructions." *Id.* (brackets, citation, and internal quotation marks omitted). In this case, the district court gave the jury curative instructions as soon as was feasible after Shannon's outburst and again during the final jury instructions. Accordingly, Shannon has not shown prejudice resulting from the court's denial of his motion for a mistrial.

3

Next, Shannon asserts that the district court erred in denying his pretrial motion to suppress communications and other evidence procured as a result of two Title III wiretaps placed on the phone of one of Shannon's coconspirators. Specifically, Shannon argues that the evidence should be excluded because the wiretap applications did not list him as a target of the investigation.

To obtain a Title III wiretap, government agents must specify, among other things, "the identity of the person, if known, committing the offense and whose communications are to be intercepted." 18 U.S.C. § 2518(1)(b)(iv) (2012). "[T]he Government is not required to identify an individual in the application unless it has probable cause to believe (i) that the individual is engaged in the criminal activity under investigation and (ii) that the individual's conversations will be intercepted over the target telephone." *United States v. Donovan*, 429 U.S. 413, 423 (1977); *see also* 18 U.S.C. § 2518(3)(a)-(b) (2012). The probable cause required for a wiretap order matches that required for a search warrant. *United States v. Talbert*, 706 F.2d 464, 467 (4th Cir. 1983). We conclude that, when the Government applied for the wiretaps, it did not have probable cause to believe that communications with Shannon would be intercepted and thus was not required to list Shannon as a target.

Finally, Shannon claims that the district court erred in denying his motion to suppress evidence seized following the execution of a search warrant because the warrant failed to establish a nexus between the residence searched and the illegal drug activity. Our review of the record convinces us that the district court correctly concluded that there was sufficient evidence to believe that the items to be seized would be found in the place

4

to be searched.  We further agree with the district court that the errors in the affidavit were typographical and did not invalidate the warrant.  *See United States v. Owens*, 848 F.2d 462, 463-64 (4th Cir. 1988); *Maryland v. Garrison*, 480 U.S. 79, 84-88 (1987).

We therefore affirm Shannon's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*